# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.H., a minor, By and Through his parents B.H. and K.H., <br><br> Plaintiff, <br><br> vs. <br><br> CLOVIS UNIFIED SCHOOL DISTRICT, <br><br> Defendant. _____/ | CASE NO. CV F 08-0374 LJO DLB <br><br> **ORDER ON PLAINTIFF'S MOTION TO EXPAND THE ADMINISTRATIVE RECORD** |

By notice filed on October 27, 2008, Plaintiff moves to supplement the Administrative Record in this case. Defendant Clovis Unified School District filed an opposition on November 13, 2008. Plaintiff filed an untimely reply on November 24, 2008. In the reply, Plaintiff argues that Defendant's opposition is untimely and asks the Court to strike the opposition. The Court denies the request and elects to consider both the opposition and reply. Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral argument. Therefore, the hearing set for December 2, 2008 is VACATED. Having considered the moving, opposition and reply papers, as well as the Court's file, the Court issues the following order.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.     Factual Overview**

Plaintiff, W.H., is an 11 year-old boy who lives with his parents, B.H. and K.H. in Fresno, California. W.H. attends a school located within the Clovis Unified School District ("Defendant" or "CUSD" or "District"). Plaintiff alleges that W.H. is a child with disabilities within the purview of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. Plaintiff claims that he is eligible for special education and related services for school years

1  2004/2005 through 2006/2007 and has been denied such services by CUSD.

2  On June 20, 2007, Plaintiff requested a Due Process hearing with the Office of
3  Administrative Hearings ("OAH").  Plaintiff sought to determine whether the District failed to
4  identify and assess Plaintiff as a student with a disability in need of special education services and
5  whether the District failed to provide special education services for the previous two years. (See First
6  Amended Complaint ¶48.)  Administrative Law Judge ("ALJ") Debra Huston conducted a Due
7  Process Administrative Hearing over a four day period - from October 16, 2007 to October 19, 2007.
8  On December 20, 2007, the ALJ issued an decision denying that Plaintiff was eligible as a student
9  with disabilities for special education and related services.

10  On March 14, 2008, Plaintiff filed suit in this Court against CUSD.  Plaintiff filed a First
11  Amended Complaint on April 2, 2008 alleging procedural and substantive due process violations by
12  the ALJ.  As the procedural irregularities, Plaintiff argues that Plaintiff was not permitted sufficient
13  time to present his case and not allowed time to provide rebuttal testimony.  The ALJ allotted four
14  days for the entire proceeding, divided equally between the parties, but Plaintiff needed a total of
15  three days to present his case.  (Doc.25, Motion to Expand, p. 7.)  Plaintiff presents evidence that
16  over the four days Plaintiff used 13 hours and 43 minutes of hearing time and defendant used 14
17  hours and 27 minutes.  (Doc. 25, Moving Papers p.17 n.16.)  Further, Plaintiff argues the ALJ was
18  biased, had ex parte communications with a witness and the District's counsel and prejudicially
19  conducted the Administrative Hearing.  As to the substantive due process violations, Plaintiff alleges
20  the ALJ erred in finding plaintiff was not eligible for special services.

21  B.     **Documents for Supplementation**

22  Plaintiff seeks to introduce/supplement the Administrative Record with additional evidence
23  of:

24  1.     Written or oral testimony of K.H, W.H's mother, which she was unable to complete
25         at the due process hearing and with respect to events occurring subsequent to the due
26         process hearing. K.H.'s testimony supplements the evidence in the record regarding
27         W.H's disabilities, assessments, educational performance, issues concerning the
28         development and implementation of his Section 504 plan, and his need for special

2

1  education and related services.

2. Documentation of protocols from Lisa Bath, the school psychologist, who administered the Behavior Assessment System for Children ("BASC"). Plaintiff argues that the BASC testing protocol instrument was never provided to the parents' despite repeated requests.

3. Declaration of Joanne Cullinan, owner of the Cullinan Education Center, and documentation of assessments results and progress reports of educational services provided subsequent to the due process hearing.

4. Declaration of Dr. Robert Patterson regarding the interpretation of his assessment, testing instruments, and medication issues. Dr. Patterson testified at the hearing, but plaintiff was unable to recall Dr. Patterson after the District's case due to the ALJ's time constraint.

5. Documentation from vice-principal, Myrna Powers, regarding school attendance relating to events, times and dates when W.H. was sent to the 'office' and removed from his classroom.

C.  **Defendant's Opposition to Supplementation**

Defendant argues that the Administrative Hearing was conducted over four full days of hearings. The Administrative Record is complete. The proposed witness testimony is cumulative of the matters covered in the hearings. Defendant also argues the proposed documentary evidence is insignificant and any exclusion is harmless. (Doc. 31, Opposition, p.4.) Defendant argues as follows:

1. The proposed declaration of K.H is cumulative. Her testimony at the hearing covered 215 pages of transcripts and testimony of events subsequent to the hearing is inadmissible hindsight. (Doc. 31, Opposition p.5.)

2. The exclusion of the testing protocols (answers to bubble test questions) is harmless error because Ms. Bath testified as to her conclusions based on the testing. Plaintiff does not dispute the conclusions from the tests.

3. Attendance records of when plaintiff was in Myrna Powers office is cumulative of the

3

|   |   |   |
|---|---|---|
|   |   | testimony. Ms. Powers answered the questions about how often plaintiff was sent to or was in her office. Plaintiff did not request documentation as to when Plaintiff was in Ms. Powers' office. |
|   | 4. | Evidence from Joanne Cullinan is outside the scope of the appeal because Plaintiff began receiving services from the Cullinan Center in November 2007, after the time period at issue, 2004/2005 to 2006/2007. The evidence is inadmissible hindsight. |
|   | 5. | Declaration of Dr. Robert Patterson is cumulative because he testified as to his interpretation of his assessment. His testimony encompassed 146 pages of transcript. Dr. Patterson's proposed declaration discusses Plaintiff's medication, which he had already discussed at the Administrative Hearing. In addition, the declaration goes beyond his expertise by discussing neurological problems of "encoding problems and automatic processes" deficits. |

## ANALYSIS AND DISCUSSION

### A.  Overview of IDEA

The IDEA provides federal funds to assist state and local agencies in educating children with disabilities, but conditions such funding on compliance with certain goals and procedures. 20 U.S.C. § 1412; *Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 179-80, 102 S.Ct. 3034, 3037, 73 L.Ed.2d 690 (1982) (describing evolution and major provisions of the act). The IDEA's primary purpose is "to assure that all children with disabilities have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs [.]" 20 U.S.C. § 1400c. This purpose is achieved through the development of an individualized education program ("IEP") for each child with a disability. 20 U.S.C. § 1401(a)(18)(D).

As procedural safeguards, the IDEA requires that the parents or guardians of a disabled child be notified of any proposed change in "the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child," and that they be permitted to bring a complaint about "any matter relating to" such evaluation and educational placement. 20 U.S.C. § 1415(b)(1)(C)-(E). When a complaint is made, the child's parents are entitled to "an

impartial due process hearing" conducted either by the state or local educational agency, or an intermediate educational unit, as determined by state law. 20 U.S.C. § 1415(b)(2). A party "aggrieved" by the administrative decision may bring a civil action in state or federal court. The IDEA provides that "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2); *Ojai Unified School Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993) (hereinafter "*Ojai*"). As the Ninth Circuit has concluded, "judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the Administrative Record and are held to a highly deferential standard of review." *Ojai,* 4 F.3d at 1471.

Here, Plaintiff's challenge of the administrative decision alleges both procedural defects and substantive defects. Procedurally, Plaintiff alleges that the ALJ was biased, improperly conducted the hearing, and placed unreasonable time constraints on the presentation of Plaintiff's case. The substantive challenge alleges that the ALJ erred in her findings of fact in concluding that Plaintiff is not a student in need of special educational services.

For the alleged procedural defects, supplementation of the Administrative Record is unnecessary. The Court has, or will have, the Administrative Record before it for review. Accordingly, the Court now turns to whether the Record should be supplemented as to the substantive allegations.

**B.     Supplementation of the Administrative Record**

The Ninth Circuit has construed "additional" evidence to mean "supplemental" information. *Ojai*, 4 F.3d at 1472. Witnesses before the district court may not "repeat or embellish their prior Administrative Hearing testimony." *Id.* at 1473. The Ninth Circuit further stated:

> The determination of what is "additional" evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo. A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial.... In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial,

> the reason the witness did not testify at the administrative hearing, and
> the conservation of judicial resources.

*Id.* The Ninth Circuit has identified factors for considering to admit supplemental evidence:

> "The reasons for supplementation will vary; they might include gaps in
> the administrative transcript owing to mechanical failure,
> unavailability of a witness, an improper exclusion of evidence by the
> administrative agency, and evidence concerning relevant events
> occurring subsequent to the administrative hearing. The starting point
> for determining what additional evidence should be received, however,
> is the record of the administrative proceeding.

*Id.* at 1473.

Here, of the factors considered in *Ojai*, Plaintiff does not move for supplementation on the factors of "mechanical failure" or "unavailability of a witness." Plaintiff moves on the grounds of "improper exclusion of evidence" and "subsequent events." Plaintiff argues that confined by the ALJ's time constrictions, Plaintiff was unable to fully develop the testimony of Plaintiff's mother and the testimony of Dr. Patterson. Further, supplemental documentation and declaration evidence is needed to complete the record.

**1.      Plaintiff's Mother's Declaration**

Plaintiff submits a declaration of K.H in support of this motion. (Doc. 27.) In the declaration, K.H. discusses the following: (1) problems K.H. perceived in the administrative proceeding in the manner the ALJ conducted the hearing and the ALJ's finding of K.H's credibility, (2) plaintiff did not receive of the BASC protocols or attendance records prior to the administrative proceeding, and (3) the assistance provided to Plaintiff by the Cullinan Educational Center.

Defendant takes the position that this has all been said before or is irrelevant. Defendant presents evidence that K.H's testimony at the Administrative Hearing comprises 215 pages of transcripts. (Doc. 31, Opposition, p. 5.) While additional evidence is permitted in certain contexts, witnesses may not repeat or embellish their prior Administrative Hearing testimony. *Ojai*, 4 F.3d at 1473.

From the Court's review of the ALJ's decision, the testimony is cumulative of that already presented by K.H. (Doc 29, Decl. Yama, Exh. 7 (ALJ's Decision).) K.H. wishes to testify that their responses to the BASC "questionnaire are truthful and based on our home life where [W.H.] is

6

happy." (Doc. 27, K.H Decl. ¶ 5.) She also wished to testify that the "504 Plan" was not working. Both topics were covered and addressed in the ALJ's decision. (Doc 29, Decl. Yama, Exh. 7 (ALJ's Decision) p. 29 ("she told Ms. Bath he was happy at home"), e.g., p. 28 (in the 504 meeting, student difficulties were discussed).) This testimony is cumulative. Evidence that is cumulative is, by definition, not additional, and is therefore inadmissible. *M.S. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1128 (9th Cir.2003), *superseded by statute in non-relevant part*, M.L. v. Fed. Way Sch. Dist., 394 F.3d 634 (9th Cir.2005). The Ninth Circuit held that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. *Ojai*, 4 F.3d at 1473. Plaintiff has not rebutted the presumption regarding K.H.'s proposed testimony.

K.H.'s proposed declaration also contains legal argument as to whether the Due Process Administrative Hearing comported with a fair and impartial hearing. The Court does not require declaration testimony to determine the contents of the Administrative Hearing, as the administrative transcript is or will be before the Court.

**2.   Supplement Declaration of Dr. Patterson**

Dr. Patterson was Plaintiff's expert at the Administrative Hearing. He testified as to his assessment of Plaintiff, testing instruments, medication, and diagnosis. Plaintiff seeks to introduce a supplemental declaration by Dr. Patterson as to the "interpretation of his assessment, testing instruments, and medication issues." (Doc. 25, Moving Papers, p. 9.) Plaintiff notes that while Dr. Patterson testified at the hearing, Plaintiff was unable to recall Dr. Patterson in rebuttal due to the ALJ's time restrictions. The declaration seeks to respond to the district's expert at the Administrative Hearing, Dr. Clare.

Defendant presents evidence that Dr. Patterson's testimony encompassed 146 pages and testified at length on direct examination. Defendant argues that the additional evidence now proposed, given the scope of this examination, would be cumulative.

Dr. Patterson's proposed declaration responds to Administrative Hearing testimony of District expert Dr. Susan Clare regarding (1) the effects of Plaintiff's medication, (2) cognitive testing, and (3) processing speed.

Whether to admit this declaration depends on whether the Court determines there were

procedural due process problems, which the Court cannot yet determine. The procedural problems are alleged to be more than just time constraints - includes ALJ wasting time, cutting off counsel, bias, etc. Plaintiff was foreclosed from presenting rebuttal testimony after the District completed its case, and thus, Plaintiff was precluded from presenting rebuttal by Dr. Patterson to the District's expert. Without determination of whether procedural due process violations occurred, the Court cannot determine whether the Record should be supplemented with the proposed Dr. Patterson declaration.

### 3. Cullinan Declaration

The services Plaintiff is receiving at the Cullinan Educational Center began in November 2007. At issue in Plaintiff's complaint is the alleged denial of special education services during the 2004/2005 to 2006/2007 school years. Thus, services provided in November 2007 are subsequent to the school years at issue.

Supplementation may be ordered for "evidence concerning relevant events occurring subsequent to the Administrative Hearing." *Ojai*, 4 F.3d at 1473. However, "[a]ctions of the school systems cannot ... be judged exclusively in hindsight.... An individualized education program ('IEP') is a snapshot, not a retrospective. In striving for 'appropriateness,' an IEP must take into account what was, and was not, objectively reasonable when the snapshot was taken, that is, at the time the IEP was drafted." *Adams v. State of Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999) The snapshot rule does not bar a court from considering evidence acquired after the hearing; it merely requires that the hearing officer's judgment not be second-guessed based on hindsight. *Vashon*, 337 F.3d at 1128.

Ms. Cullinan's proposed declaration identifies: (1) the educational services provided by the Cullinan's Educational Center, (2) Ms. Cullinan's individual expertise in preparing IEP and Section 504 plans, (3) her exposure to providing educational services to children with forms of attention deficit disorders and the correlation with writing deficits, (4) the services the Cullinan Educational Center provided to Plaintiff,[1] and (5) Ms. Cullinan's conclusion on the ultimate issue of whether

---

[1] The declaration states in relevant part: "W.H. began receiving educational services at the Cullinan Center on November 14, 2007, which was during his fourth grade school year. As of September 8, 2008, W.H. has received 70 hours of individualized one-on-one instruction in reading and written language. He has progressed in writing from writing sentences

Plaintiff meets the eligibility criteria of the IDEA.

Contrary to defendant's argument, there is not a blanket prohibition of evidence regarding events subsequent to the Administrative Hearing. Indeed, in *Ojai,* the Court specifically identified that evidence subsequent to the Administrative Hearing is admissible. *Ojai*, at 1473 ("evidence concerning relevant events occurring subsequent to the Administrative Hearing.") The district court, however, has discretion to admit additional evidence "concerning relevant events occurring subsequent to the administrative hearing." *Ojai*, 4 F.3d at 1473.

Defendant cites to *A.S. v. Trumbull Board of Education*, 359 F.Supp.2d 102 (2005) for the proposition that events after the conclusion of the Administrative Hearing are inadmissible. In *Trumbull*, the court considered numerous factors as to admit or preclude evidence of subsequent events: (1) whether the subsequent evidence was relevant to the proceedings; (2) whether the records provided a thorough and accurate portrait of events; (3) whether any records submitted would have to be explained and placed in context; and (4) whether Plaintiffs demonstrated that there were procedural deficiencies during the Administrative Hearing. *Trumbull*, 414 F.Supp.2d at 172

Here, Ms. Cullinan's declaration on the services provided in 2007 to Plaintiff is marginally relevant to the 2004/2005 to 2006/2007 school year. The services are consistent with those sought by the parents. The declaration, however, contains substantially more testimony than is permitted by supplementation. First, Ms. Cullinan offers her expert opinion on several issues directly related to and decided by the ALJ. Second, she offers expert opinion on the ultimate issue before the ALJ, whether Plaintiff meets the eligibility criteria of the IDEA. Further, the testimony would open the door to additional documents regarding the services which would have to be disclosed, explained and placed in context. *Trumbull*, 414 F.Supp.2d at 171 (on this point it cannot be determined from the documents submitted whether all relevant health records-including those that might undermine Plaintiffs' position-have been disclosed. In order to ensure a sufficiently balanced record, the Court would have to extend discovery to allow the Board to access relevant records and depose involved witnesses.) Thus, the evidence submitted in the declaration of Ms. Cullinan would turn this

---

to writing paragraphs. This ability is very much dependent upon teacher modeling and guidance." (Doc. Decl. Joanne Cullinan, ¶¶9-10.)

proceeding to a de novo review and undercut the administrative process designed to address the specific issues raised by plaintiff.

### 4. Documentary Evidence

Plaintiff requests to supplement the record with two forms of documentary evidence: the Test protocols (questionnaire) of the BASC testing administered by Lisa Bath, and the Documentation from vice-principal, Myrna Powers, regarding the times that Plaintiff was sent to the office and removed from the classroom.

Defendant acknowledges that Plaintiff did not have access to the testing protocols of Lisa Bath during her testimony. Defendant argues failure to produce the evidence is harmless error because Ms. Bath testified as to her conclusions based on her testing. Defendant argues that Plaintiff is not disputing the conclusions from these tests, and as such excluding the underlying documents is harmless error. As to documents of Myrna Powers, Plaintiff did not request the documents at any point during Plaintiff's questioning of Ms. Powers. Ms. Powers testified at the hearing that Plaintiff was sent to her office to (1) finish school work he did not finish in class, and (2) as part of his behavior support plan.

### a. Testing Protocols of Lisa Bath

Plaintiff argues that the testing instrument was never provided despite four requests for student records and specifically requesting the BASC protocols. The protocols were provided on October 16, 2008, long after the ALJ decision of December 2007. (Doc. 29-20, Yama Decl. Attachment 9.) Defendant argues that failure to provide the testing protocols is harmless error because Plaintiff is not challenging the tests results.

Plaintiff does not say how this information would be used and what benefit the Court would gain from looking at the "bubble" answers. The Court is left to speculate how this information would be used for issues now presented. Dr. Patterson's supplemental declaration does not address the protocols and how or if the instrument should matter. It was Plaintiff's burden to establish that the supplement was necessary. *Hood v. Encinatas Union Sch. Dist.*, 486 F.3d 1099, 1103 (9th Cir. 2007).

**b.     Documentation by Myrna Powers**

At the Administrative Hearing, Ms. Powers testified as to the reasons Plaintiff was sent to her office. (Doc. 31-2, Dec. John Mahan, Exh. "C", p. 275-286.) She testified that he was sent to her office to complete work he was unable or could not complete in class. He would sit in an office and she would direct him in the work, keep him on task and encourage his completion of the work. (*Id.* At p. 275-278.) In addition, Ms. Powers testified that Plaintiff reported to the office as part of "discipline procedures." She described that he reported to her office in the mornings, which he enjoyed, rather than lining up before class because he was having trouble "maintaining control." (*Id.* At p. 278.) Plaintiff also reported to the office as part of the "reward system"in his Behavior Support Plan, where he gained a reward for having completed work. He was rewarded with watching videos and playing a Game Boy. (*Id.* At p. 279-280.)

Plaintiff does not indicate how the documentation would supplement the testimony provided at the hearing. From a review of the testimony of Ms. Powers, Ms. Powers testified as to the educational benefits Plaintiff received while in her office, and whether he benefitted from this procedure. In addition, the Court has not been directed to where Plaintiff requested the documentation or how the documentation may affect the fairness of the Administrative Hearing. In considering whether to admit supplemental evidence, "courts should be mindful not to transform proceedings into a trial de novo." *Ojai*, 4 F.3d at 1473.

## CONCLUSION

The motion to expand/supplement the Administrative Record is ruled upon as follows:

1. Written or oral testimony of K.H is DENIED.

2. Documentation of testing protocols for the BASC administered by Lisa Bath is DENIED.

3. Declaration of Joanne Cullinan is DENIED.

4. Declaration of Dr. Robert Patterson is DENIED without prejudice.

5. Documentation of school attendance maintained by Myrna Powers is DENIED.

IT IS SO ORDERED.

Dated:   November 25, 2008              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE