IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.H., a minor, By and Through his parents B.H. and K.H., <br><br>vs.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT,<br><br>Defendant. / | CASE NO. CV F 08-0374 LJO DLB<br><br>**ORDER ON REQUEST FOR CLARIFICATION** |

On April 9, 2009, the Court received a request for clarification of the procedures for the cross motions for summary judgment. In the exercise of this Court's inherent powers and in an effort to control its docket, the Court orders as follows:

**Administrative Record**

The parties must provide a bound, tabbed and sequentially numbered Administrative Record and refer to those page numbers in their briefs. Each volume of the Administrative Record must contain a table of contents which identifies each discrete evidence contained within the volume and which correctly refers to the pages in the volume. For instance, each witness' testimony should be identified, as to both the beginning and ending page numbers. Each volume of the Administrative Record must be properly noted on the spine of the binder.

**Summary Judgment Briefs**

The parties must abide by the limitations on the length of the briefs as contained in this

Court's standing order. In addition, this Court's local rules requires a brief to contain a table of contents and table of authorities. Local Rule 5-133(k) requires briefs "exceeding fifteen (15) pages in length" to include "an indexed table of contents related to the headings or subheadings and by an indexed stable of statutes, rules, ordinances, cases, and other authorities cited."

Where the brief refers to evidence in the Administrative Record, the brief must cite to the page number in Administrative Record. The Court has no obligation to search sua sponte through a record, and this Court will not do so. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). The parties must designate, specifically, the pages and lines in the administrative record to which they refer.

The organization of the brief must conform to the issues presented on appeal. The parties must clearly identify the issues which are on appeal. The brief should be organized in a way that parallels the issues which were identified by the parties in the administrative hearing and the organization of the ALJ's opinion. The parties must set forth a general background to put the dispute in context for the Court, including each witness and the witness' role in the process and by year, if appropriate.

## Statement of Undisputed and Disputed Facts

The parties are required to file a Joint Statement of Undisputed Material Facts. Each party may file a Separate Statement of Disputed Facts. Local Rule 56-260 requires a party to "enumerate discretely each of the *specific material facts relied upon in support of the motion* and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." (emphasis added). Fed. R. Civ. P. 56 requires that the fact in contention must be material. "As to materiality, the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The Court prefers the two column format with the material fact stated in the left column and the evidence that establishes the material fact in the right column. The material facts shall be cross

/////

referenced to the evidentiary support in the Administrative Record, cited by page and line number. In addition, the factual presentation must be organized by issue presented for decision in the appeal.

IT IS SO ORDERED.

**Dated:   April 13, 2009**          /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE