IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.H., a minor, By and Through his parents B.H. and K.H.,<br><br>Plaintiff,<br><br>vs.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT,<br><br>Defendant.<br>_____/ | CASE NO. CV F 08-0374 LJO DLB<br><br>**ORDER ON MOTION TO SHORTEN TIME** (Doc. 79) |

**Introduction**

On August 19, 2009, defendant Clovis Unified School District ("District") moved to shorten time on the concurrently filed motion to stay this Court's Order on Cross Motions for Summary. Based on District's declaration that plaintiff W.H. ("Student") opposed the motion, this Court ordered Student to respond. (Doc. 85). Student opposed the motion on August 24, 2009. District responded on August 25, 2009. Having read and considered the parties' arguments and supporting documents, this Court GRANTS District's motion to shorten time to hear the motion to stay and SETS a briefing schedule on District's motion on shortened time.

**Background**

Student initiated this Individuals with Disabilities Education Act ("IDEA") action on March 14, 2008. On June 8, 2009, this Court filed its order on the parties' cross-motions for summary judgment

1

("Cross-Motions Order"). In its Cross-Motions Order, this Court found in favor of Student in part, finding that District failed to assess Student properly in the area of writing and failed to provide Student a free appropriate public education ("FAPE") based on its failure to identify him as eligible for special education under the category of Other Health Impairment. This Court found in favor of District in part, finding that District assessed Student in the areas of visual-motor integration, working memory, social/emotional functioning, and behavior, and did not commit clear error to determine that Student was ineligible for special education and related services under the category of special learning disability. In addition, this Court remanded the action to the administrative law judge ("ALJ") at the Office of Administrative Hearings ("OAH") to make a determination on appropriate remedies in light of the Court's order. Judgment was entered on June 17, 2009.

On July 8, 2009, District filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). To preserve scarce judicial resources, this Court stayed Student's motion for attorneys' fees and costs during the pendency of the appeal.

On August 18, 2009, the OAH set the remanded portion of this action for a hearing to commence on September 21, 2009. The next day, District filed its motions to stay and to shorten time to hear the motion to stay.

**Arguments**

District asserts that good cause exists to shorten time to hear the motion to stay to preserve its right to have its motion to stay heard by the Ninth Circuit before the appeal is rendered moot on remand. District's argument rests on multiple premises–(1) The OAH hearing will be held between September 21-23, 2009; (2) The OAH will issue a decision no later than October 23, 2009; (3) In its decision, the OAH will order District to develop an individualized education plan ("IEP") for Student; (4) District will be forced to comply with OAH's decision forthwith; and (5) Compliance with the OAH decision will render moot District's pending appeal.

Student opposes District's motion to shorten time on grounds that District fails to establish that they are without fault in creating the temporal crisis. In arguing that District created its own predicament, Student points out that: (1) this Court's Cross-Motions Order was filed on June 8, 2009; (2) District ignored Student's June 30, 2009 letter to discuss resolution and remand; (3) District ignored

Student's August 11, 2009 letter reminding District that the notice of appeal did not stay the Judgment; (4) District's counsel is experienced in educational law and was aware of the time pressures; (5) Almost two months have passed since this Court's Cross-Motions Order and District failed to act and failed to employ due diligence to apply for a stay; and (6) Student has been in need of special education and related services for over five years, and continuing delay Student's IDEA rights is unacceptable.

In reply, District contends that it did not cause the need for shortened time.  District claims that as a public entity, it is incapable of immediate decision-making.

### **Discussion**

Generally, a civil motion hearing is scheduled not less than 28 or 31 days after notice and service of the motion.  Local Rule 78-230(b).  Upon a showing of good cause, this Court may shorten the time for a motion to be heard based on an ex parte application.  Fed. R. Civ. P. 6(c)(1)(C); *see, Manry v. Commissioner*, 756 F.2d 1298 (9th Cir. 1985).  Local Rule 6-144(e) requires:

> Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time.  Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order ...

Accordingly, this Court grants ex parte applications in only a "narrow set of circumstances."  *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 871 (9th Cir. 2001) (citing *In re Intermagnetics Am. Inc.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989).  The party seeking to shorten time must establish that an order shortening time is necessary.  *In re Intermagentics Am.*, 101 B.R. at 194.  An order to shorten time is justified if the moving party will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures.  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  In addition, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Id*.  "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have."  *In re Intermagnetics Am.*, 101 B.R. at 193 (discussing hazards of ex parte applications).

Having considered the parties' arguments, this Court finds that an order to shorten time is justified to preserve scarce judicial resources.  The OAH set a hearing to begin on September 21, 2009.

1   If District's motion to stay were hearing in accordance with Local Rule 78-230(b), the motion would be
2   set for a hearing on the same day that the OAH hearing is scheduled to commence.  This Court has not
3   considered the merits of District's motion to stay and therefore, this grant should not be misconstrued;
4   however, if this Court were to grant District's motion to stay, it would be a waste of judicial resources
5   to require that the OAH and ALJ to prepare for a hearing that may be vacated on the day it is scheduled
6   to begin.  For this reason alone, this Court grants District's motion to shorten time.

## Conclusion and Order

For the foregoing reasons this Court:

1. GRANTS District's motion to shorten time;
2. SETS the following briefing schedule for District's motion to stay:
    A) Student shall file his opposition no later than **September 4, 2009**;
    B) District shall file its reply, if any, no later than **September 8, 2009**;
    C) After receiving and reviewing the parties' arguments, this Court will determine if oral argument on the motion is necessary.  Accordingly, this Court sets no hearing on this motion at this time.

IT IS SO ORDERED.

**Dated:   August 25, 2009**                    /s/ Lawrence J. O'Neill
                                                               UNITED STATES DISTRICT JUDGE