# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.H., a minor, By and Through his parents B.H. and K.H.,<br><br>Plaintiff,<br><br>vs.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. CV F 08-0374 LJO DLB<br><br>**ORDER ON MOTION TO STAY** (Doc. 82) |

## INTRODUCTION

On August 19, 2009, defendant Clovis Unified School District ("District") moved to stay, pending appeal, this Court's Order on Cross Motions for Summary Judgment ("MSJ Order"). The MSJ Order remanded the action to the Office of Administrative Hearings ("OAH") to determine appropriate remedies consistent with the Court's order. District argues that absent a stay, a determination of remedies will cause irreparable injury by rendering the pending appeal moot. Plaintiff W.H. ("Student") opposed the motion to stay on September 8, 2009, arguing that District does not have a strong likelihood of success on appeal, OAH action pursuant to this Court's MSJ Order will not render the pending appeal moot, and District will suffer no irreparable injury. District responded on September 8, 2009. Having read and considered the parties' arguments and supporting documents, and for the following reasons, this Court DENIES District's motion to stay the MSJ Order.

## BACKGROUND

Student initiated this Individuals with Disabilities Education Act ("IDEA") action on March 14, 2008. The action focuses on the time period between June 20, 2005 and June 20, 2007, corresponding to the end of Student's second first grade year through the end of his third grade year at Maple Creek. On June 8, 2009, this Court filed its MSJ Order. This Court found in favor of Student in part, finding

that District failed to assess Student properly in the area of writing and failed to provide Student a free appropriate public education ("FAPE") based on its failure to identify him as eligible for special education under the category of Other Health Impairment ("OHI"). This Court found in favor of District in part, finding that District assessed Student in the areas of visual-motor integration, working memory, social/emotional functioning, and behavior, and did not commit clear error to determine that Student was ineligible for special education and related services under the category of special learning disability. In addition, this Court remanded the action to the administrative law judge ("ALJ") at the Office of Administrative Hearings ("OAH") to determine appropriate remedies in light of the Court's order. Judgment was entered on June 17, 2009.

On July 8, 2009, District filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). To preserve scarce judicial resources, this Court stayed Student's motion for attorneys' fees and costs during the pendency of the appeal.

On August 18, 2009, the OAH set a hearing in this action to commence on September 21, 2009. The next day, District filed its motions to stay and to shorten time to hear the motion to stay. This Court granted District's motion to shorten time on August 25, 2009 and set an expedited briefing schedule on this motion. Having considered the parties' arguments, this Court finds this motion suitable for decision without a hearing, and issues the following order.

## DISCUSSION

### Standard of Review

The Court considers four factors to determine whether to issue a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 779, 776 (1987) (quoted in *Golden Gate Rest. Ass'n v. City of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008)). In ruling on a motion for a stay pending appeal, the Court employs:

> two interrelated legal tests that represent the outer reaches of a single continuum. At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. We have recently applied, as an

2

alternative test at this end of the continuum, a test originally formulated for granting a preliminary injunction: (1) a strong likelihood of success on the merits, and (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted. At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Further, we consider where the public interest lies separately from and in addition to whether the applicant for stay will be irreparably injured absent a stay.

*Golden Gate Rest. Ass'n*, 512 F.3d at 1115-16 (internal citations and quotations omitted). Based on these standards, the Court considers the parties' arguments below.

**Likelihood of Success**

The Court first considers District's likelihood of success on appeal. District argues that its appeal of the MSJ order is likely to succeed, because this Court: (1) improperly and prejudicially admitted and considered the rebuttal declaration of Dr. Robert Patterson; (2) applied an incorrect standard of review to determine that District failed to assess Student properly in the area of writing; and (3) improperly discounted the probative value of Student's accommodated testing and grades as evidence of Student's ability to achieve academically without special education and related services.  For the following reasons, this Court finds that District has failed to show a probability of success on the merits.

*Dr. Patterson Rebuttal Declaration*

Dr. Patterson's rebuttal declaration was the subject of Student's motion to expand the administrative record. At that time, the Court ruled that it could not determine whether to expand administrative record until it considered the parties' procedural arguments in the motions for summary judgment. Order on Motion to Expand Administrative Record, 8.  In his summary judgment motion, Student raised multiple procedural error arguments, and argued again to expand the administrative record to include Dr. Patterson's rebuttal declaration. This Court construed Student's argument as a renewal of its motion to expand the administrative record to include Dr. Patterson's rebuttal report. District argued against its admission in both the motion to expand the administrative record and in opposition to Student's motion for summary judgment. This Court fully considered all of District's arguments when ruling on the motion to consider the document. Accordingly, District's instant arguments that the rebuttal document was admitted without notice to District, and without allowing

District to respond, are inaccurate.

This Court ruled to consider Dr. Patterson's rebuttal declaration "in light of this Court's interest in considering all evidence relevant to this decision, as well as the express statutory language in 20 U.S.C. §1415(i)(2)." MSJ Order, 12. In addition, the Court further considered:

> Dr. Patterson's testimony related to the effects of medication on Student was relevant to this action. The relevance of that evidence was demonstrated particularly in that the ALJ relied heavily on Dr. Clare's testimony related to the effects of the medication on Student. Accordingly, this Court will consider the rebuttal testimony of Dr. Patterson to rebut Dr. Clare's testimony regarding the effects of the medication on Student.

MSJ Order, 15. District correctly points out that this Court did not provide analysis pursuant to *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir. 1993) to explain its reasons for considering the rebuttal declaration. The Court provides that legal analysis here.

Pursuant to 20 U.S.C. §1415(i)(2)(C), this Court, in its review of an IDEA administrative appeal:

> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the request of a party; and
> (iii) basing its decision on a preponderance of the evidence, shall grant such releif as the court determines is appropriate.

In *Ojai*, the Ninth Circuit construed "additional evidence" to mean supplemental evidence. 4 F.3d at 1473. "Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony." *Id*. "The reasons for supplementation will vary; they might include...unavailability of a witness, [or] an improper exclusion of evidence by the administrative agency....." *Id*. "The determination of what is 'additional' evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*." *Id*.

In its discretion, the Court considered Dr. Patterson's supplemental declaration as additional evidence. As discussed in the MSJ Order, Dr. Patterson's supplemental declaration was considered to rebut Dr. Clare's testimony regarding the effects of medication on Student in Dr. Patterson's testing of Student. Dr. Patterson was an unavailable witness on this issue, as Dr. Clare was the last witness to testify at the end of the administrative hearing, which concluded at 10 p.m. Even if Dr. Patterson was not unavailable, the Court found that the administrative agency improperly excluded evidence of Student's Section 504 plan. For this additional reason, consideration of Dr. Patterson's rebuttal

declaration as it pertained to that issue would have been proper. *Ojai*, 4 F.3d at 1473. Accordingly, this Court did not err to consider Dr. Patterson's rebuttal declaration.[1]

*Incorrect Standard of Review*

District argues that this Court erred by "impermissibly expanding the scope of its review...to include determination of whether the District's various assessments of Student's written expression were appropriate." District contends that the analysis properly turns on whether District assessed Student in the area of written expression. Since District assessed Student's written expression, District argues, this Court erred to find that District assessed Student in that area.

In the MSJ Order at 25, this Court ruled:

> District assessed Student in writing in May 2006; however, such assessment was inaccurate and inadequate. District must "use a variety of assessment tools and strategies to gather relevant functional, developmental, and academic information." 20 U.S.C. §1414(b)(2); 34 C.F.R. §300.304. As explained above, Ms. Weigand was unable to obtain a writing sample from Student, yet District ignored that fact when it concluded that Student's written expression was on grade level. Ms. Weigand also used the Woodcock-Johnson to assess Student. However, Student is only required to fill-in-the-blanks and write simple sentences on the Woodcock-Johnson. As the ALJ found, Ms. Weigand, Ms. Dolin, and Dr. Aholu all had difficulty getting Student to write. In addition, Student's teachers, Student's parents, Ms. Powers, and Ms. Bath all reported that they had difficulty with getting Student to write. The testimony of every witness supported Dr. Patterson's expert opinion that Student is unable to sustain writing effort. Thus, Student's single writing sample does not negate Dr. Patterson's professional opinion, even if he was unaware of it. In evaluating Student's written expression, District ignored the undisputed evidence that Student rarely produced written work in the classroom. The overwhelming and consistent testimony from all witnesses is that Student is impaired in written expression, sustained writing, and the initiation of writing. District did not adequately assess Student in his area of demonstrated need–written expression with stories, paragraphs, initiation of writing and consistency in writing. Accordingly, District failed to assess Student in written expression.

As noted above, pursuant to 20 U.S.C. §1414(b)(2), District is required to use a variety of tools and strategies to assess a Student's performance. In its decision, the Court found that District failed to use a variety of tools and relied on only one writing sample obtained when Student was provided with one-on-one assistance, after a great deal of effort by Ms. Bath, and after Ms. Weigand was unsuccessful.

---

[1] Although this Court finds that consideration of Dr. Patterson's rebuttal declaration was proper, this Court's challenged findings and conclusions did not rely primarily on the rebuttal declaration. The Court found ample evidence in the administrative record to support its conclusions that District failed to assess Student properly in the area of writing and failed to find Student eligible for special education and related services under the OHI category pursuant to the IDEA. Accordingly, the Court's error, if any, was harmless.

5

In addition, Student's continued challenges in written expression, as evidenced in the administrative record, sustains this Court's ruling that District failed to assess Student in the area of written expression *after* May 2006. District did not assess Student in the area of written expression in the 2006-2007 school year, despite evidence from Student's teachers and administrators that Student rarely produced written work in the classroom and despite District's continuing obligation to assess Student's in areas of suspected disability.

*Consideration of Accommodations*

This Court did not discount the value of Student's accommodated testing and grades improperly. In the MSJ Order, the Court noted the relevance of Student's accommodated testing. MSJ Order, 16. However, the Court discounted the weight the ALJ placed on the accommodations based on the ALJ's failure to allow Student to present evidence on the Section 504 plan:

> [T]he ALJ precluded Student from eliciting testimony on the Section 504 more than once, because, as the ALJ explained, the ALJ is without jurisdiction to consider Section 504 plans. Nevertheless, the ALJ found that Student was able to access education by considering evidence of the effect of the Section 504 plans, as presented by District. This Court agrees that the ALJ erred to preclude Student's questions related to the effects of the 504 plan on Student. Although without jurisdiction to consider whether Section 504 provides Student a FAPE, the effects of the Section 504 plan was relevant to whether Student was able to access education without special education and related services, as discussed and relied upon by the ALJ in her Decision.

MSJ Order, 16. Because the ALJ precluded Student from presenting evidence on the Section 504 plans, yet relied heavily on the Section 504 accommodations in her findings of fact, this Court concluded that it would give "less deference to the ALJ's findings of fact and conclusions of law based on this error." MSJ Order, 17. This decision was proper based on the applicable standard of review, in which the Court gives deference to the ALJ's well-reasoned and well supported findings and conclusions, but independently reviews the testimony and evidence that the ALJ failed to consider properly. *R.B. v. Napa Valley Uni. Sch. Dist.*, 496 F.3d 932, 943 (9th Cir. 2007) (cited in MSJ Order, 18).

Contrary to District's contention that this Court improperly discounted the importance of the accommodations, this Court considered the Section 504 plan. This Court's consideration of the Section 504 plan resulted in this Court's conclusion that "the Section 504 plan may result in a *loss* of educational benefit to Student." MSJ Order, 32 (emphasis added). This Court's conclusion was based on the following:

> District's attempt to address Student's difficulties with Section 504 plans and behavior support plans in the regular classroom have had limited success. District has provided multiple strategies to assist Student and Student's teachers, but Student's difficulties continue. The evidence shows Student's behavior problems escalated, even with a BSP in place, and only improved when he had Ms. Wandler in the classroom or when Student was removed from the classroom. Once Ms. Wandler left the classroom, Student's aggressive behaviors returned and continue. Student further continues to exhibit difficulty with work completion and written expression. Student's parents and teachers need help with Student and continue to struggle with him and with providing him access to education. Pursuant to Student's Section 504 plans, for multiple school years, Student is sent outside of the classroom–to either a resource specialist or an administrator. Dr. Patterson credibly testified that Student is falling behind because of Student's repeated absences in the classroom and that this will increase. Thus, the Section 504 plan may result in a loss of educational benefit to Student.

MSJ Order, 32. This Court's independent review of this issue, based on the testimony of all witnesses (all of whom were District employees or witnesses with the exception of Student's mother and Dr. Patterson), led this Court to conclude that Student was unable to progress academically with the reasonable accommodations and the BSP provided through Student's Section 504 plan. Based on the reasons set forth more fully in the MSJ Order, this Court finds that this conclusion was not clearly erroneous.

**Balance of Hardships**

Because District fails to show a probability of success on the merits, a stay of the MSJ Order is appropriate only if District demonstrates that "the balance of hardships tips sharply in favor of the party seeking the stay." *Golden Gate Rest. Ass'n*, 512 F.3d at 1119. District argues that it will be irreparably harmed absent a stay because the District's appeal has a substantial likelihood of becoming moot. For the following reasons, District fails to sustain its burden to demonstrate that the balance of hardships tips sharply in its favor.

This Court's MSJ Order remanded this action to the OAH to consider appropriate remedies consistent with the order. On August 18, 2009, the OAH set a 4-day hearing to commence on September 21, 2009. District argues that because the OAH issues its decisions within 30 days of the hearing, and because this Court's order requires the OAH to determine remedies consistent with the Court's opinion, then the OAH decision will require District to develop an IEP for Student before the appeal is resolved. District further contends that it will be forced to comply with that future OAH decision, which it estimates to be issued in November 2009, and that compliance with that decision will render its pending

appeal moot. District's argument contains a number of flaws, which this Court will address.

First, the OAH decision will not require District to develop an IEP for Student *necessarily*. Student's claims in this action were limited to the time period between June 2005 and June 2007. Accordingly, the MSJ Order related only to that time period. The Court found Student eligible for special education as of June 2007. Student points out that on August 18, 2009, the ALJ set the September 21, 2009 hearing to determine whether Student *remained* eligible for special education and related services as of the 2009-2010 school year. In that 4-day hearing, the ALJ will consider new evidence, outside of the administrative record in this action. Without the benefit of that record, this Court cannot opine as to whether Student remains eligible for special education and related services. Thus, an adverse ruling is conjectural. While the ALJ may order an IEP, it is equally true that the the ALJ may rule in District's favor.

Second, and for similar reasons, the ALJ's future eligibility determination is beyond the scope of Student's present action and this Court's order. Student has filed a new due process hearing for the last two years of education, the 2007-2009 time period. The decision will be based on evidence not considered by this Court, not raised in this action, outside of the relevant time period, and more appropriately considered in the "new" action.

Third, District need not comply with the order before the appeal is resolved *necessarily*. District has recourse by way of further appeal if it disagrees with the ALJ's additional eligibility determination. Such appeal must be based on the administrative record as developed in the future administrative hearing, currently set to begin on September 21, 2009. District may also move to stay the future ALJ decision at the OAH level or with the Ninth Circuit.

Fourth, District does not demonstrate that compliance with an order to develop an IEP renders its appeal moot. This Court found that District failed to find Student eligible for special education and related services during the period between June 2005 and June 2007. The Court considered a finite period of time in its decision. Thus, even if the Ninth Circuit rules that Student was not eligible for special education and related services during the period between June 2005 and June 2007, such a ruling has no bearing on the ALJ's further eligibility determination as of September 2009. The controversy as it pertains to that time period is still live, regardless of a future ALJ decision.

Moreover, "[f]aced with...a conflict between financial concerns and preventable human suffering, we have little difficulty concluding that the balance of hardships tips decidedly in favor of the latter." *Golden Gate Rest. Ass'n*, 512 F.3d at 1126. If the ALJ were to issue a decision to require District to develop an IEP for Student, if District were to comply immediately with that order, if the Ninth Circuit rules that Student was ineligible for special education and related services, and if the Ninth Circuit further rules that Student is currently ineligible for special education and related services, District would suffer financial harm. District would be required to use resources to put together an IEP and create a special education plan for Student. In the event that both the MSJ Order and the ALJ's future eligibility determination are resolved in District's favor, District's harm would be limited, as it could discontinue special education and related services for Student. On the other hand, if a stay does not issue, if the ALJ were to determine that Student is eligible for special education and related services, and if District complied with said order, Student would benefit educationally during that time period. In balancing the hardships, this Court finds the balance tips in Student's favor on this issue.

**Public Interest**

As noted above, this Court considers the public interest separately. The Court finds that the public interest is addressed in the IDEA. Congress enacted the IDEA to ensure "all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. §1400(d)(1)(A). Accordingly, the public's interest in protecting the needs of children with disabilities in education tips the balance in Student's favor.

**Analysis**

This Court finds that District failed to demonstrate a probability of success on the merits of its appeal and failed to demonstrate irreparable injury absent a stay of the MSJ Order. As discussed more fully above, the balance of hardships does not tip in favor of the moving party, and the public interest does not support a stay of this Court's MSJ Order. Accordingly, District's motion to stay this Court's MSJ Order is denied.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court DENIES District's motion to stay this Court's MSJ Order pending appeal.

IT IS SO ORDERED.

**Dated:   September 10, 2009**              /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE